NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL DANIEL MENDEZ-COLIN, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-71846 Agency No. A090-835-140 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021[**]
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and MOLLOY,[***] District
Judge.

Raul Daniel Mendez-Colin petitions this Court for review of the decision by

the Board of Immigration Appeals ("BIA") denying his motion seeking, among

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

other outcomes, rescission of his *in absentia* removal order. The Immigration & Nationality Act allows an *in absentia* removal order to be rescinded through a motion to reopen "filed at any time" if the noncitizen provided a compliant address, *see* 8 U.S.C. § 1229a(b)(5)(B), and can show that the noncitizen "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title," *id.* § 1229a(b)(5)(C)(ii). Mendez-Colin argues that the Notice to Appear he received was defective because it failed to provide the date or time of his removal proceedings. We review the BIA's denial of his motion for an abuse of discretion but review purely legal questions *de novo*. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016).

Mendez-Colin's arguments concerning the defective Notice to Appear that he received pursuant to § 1229(a) match the substance of those raised in a related case that we decide today, *Singh v. Garland*, No. 20-70050, __ F.4th __ (9th Cir. 2022). For the reasons explained in our opinion in that case, we grant Mendez-Colin's petition and remand to the BIA.

Noncitizens must receive a Notice to Appear, in a single document, with the time and date of their hearing before the government can order them removed *in absentia*. Here, although Mendez-Colin provided an address to trigger the government's obligation to provide notice, the government did not provide statutorily compliant notice to him. Because Mendez-Colin did not receive

2

statutorily compliant notice before his removal hearing, the *in absentia* removal order issued at that hearing is invalid.

**PETITION GRANTED AND REMANDED.**